# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNETH GRAHAM | * | |
| Petitioner | * | |
| v | * | Civil Action No. ELH-18-759 |
| ANDRE MATEVOUSIAN | * | |
| Respondent | * | |

***

## **MEMORANDUM**

Kenneth Graham, who is self-represented, filed a petition for writ of habeas corpus on March 8, 2018, pursuant to 28 U.S.C. §2241. ECF 2. The case was initiated in the United States District Court for the Eastern District of California, and that court transferred the case to this Court on March 13, 2018. ECF 1.

## I. Background

Petitioner's habeas petition is rooted in a criminal case litigated in this District. That case (13-620) was assigned to Judge William D. Quarles, Jr., who has since retired. In particular, following a jury trial in February 2015, defendant was convicted of Hobbs Act robbery; possession of a firearm in furtherance of a crime of violence; discharge of the firearm; and possession of a firearm and ammunition by a convicted felon. *See* ECF 132 (jury verdict). Judge Quarles sentenced Graham to a total term of incarceration of 382 months. *See* ECF 151. The Fourth Circuit affirmed on April 4, 2016 (ECF 165) and the mandate issued on April 26, 2016. ECF 166.

In December 2016, Graham wrote a letter to the Clerk of this Court, asking for an extension of time to file a § 2255 motion. ECF 171. On February 16, 2018, Graham filed correspondence in his criminal case, construed as a motion to vacate under 28 U.S.C. § 2255

petition. ECF 172. *See* Related Civil Case 18-491. On that date, the case was reassigned to me, due to the retirement of Judge Quarles. *See* Docket. In an Order dated March 5, 2018, I granted petitioner 28 days to file supplemental materials to support the § 2255 motion, because the correspondence did not state a substantive claim. *See* ELH-13-620 at ECF 173. A few days later, Graham filed his habeas action in the California court.

## II. Discussion

Graham asserts that the underlying state criminal convictions relied upon to enhance his federal criminal sentence in *United States v. Graham*, Criminal Case ELH-13-620 (D. Md.) are no longer a valid basis for the enhancements pursuant to the holding in *Johnson v. United States*, _ U.S. _, 135 S. Ct. 2551 (2015). ECF 2. Petitioner avers that his claim regarding sentencing enhancements is presented as a petition pursuant to §2241 because the claim is untimely for purposes of a §2255 motion. ECF 2 at 5.

Thus, the threshold question presented is whether this claim is properly raised in a §2241 petition or is more properly construed under 28 U.S.C. §2255. A writ of habeas corpus pursuant to 28 U.S.C. §2241 and a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255, are separate and distinct mechanisms for obtaining post-conviction relief. A §2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. §2241(a). By contrast, a §2255 motion challenges the validity of a conviction or sentence. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (en banc).

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of §2241, there is an exception under the so-called "savings clause" in §2255.[1]

---

[1] 28 U.S.C. §2255 provides in relevant part:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be

It provides that a prisoner may seek relief under §2241 if the remedy under §2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. §2255.

In *Jones,* the United States Court of Appeals for the Fourth Circuit concluded that §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law. *Jones*, 226 F.3d at 333-34 (concluding that the petitioner was entitled to file a § 2241 petition where the § 2255 motion would be barred as second or successive). The inability to obtain relief under §2255, however, does not render it inadequate and ineffective for purposes of applicability of the savings clause. *Id*. at 333.

The instant petition is not an attack on the execution of the sentence imposed, as would be appropriate for a § 2241 petition. Rather, it is a challenge to the validity of the underlying criminal proceeding. Here, petitioner has contemporaneously filed correspondence that the Court chose to construe as a § 2255 motion. A time-bar defense raised in response to the claim as asserted may be defeated if petitioner can establish he is entitled to an equitable tolling of the filing deadline applicable to a motion to vacate or that it is otherwise timely filed.

Under the provisions of 28 U.S.C. §2255, the limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

---

entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2004). To be entitled to equitable tolling, petitioner in the instant case must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F. 3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. The Fourth Circuit has made it clear that, prior to dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns the pro se petitioner that his . . . action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." *Hill*, 277 F. 3d at 708.

Because the content of the petition indicates that it is more appropriately construed as a Motion to Vacate pursuant to 28 U.S.C. §2255, the court hereby gives notice that it intends to construe the filing as such. Petitioner shall be granted twenty-eight days to notify the court in

4

writing whether: 1) he objects to this court construing the pleading filed as a Motion to Vacate pursuant to 28 U.S.C. §2255; 2) he wants to withdraw this pleading; or 3) he wants to amend the pleading so that it contains all of the claims he wants to raise. *See Castro v. United States*, 540 U.S. 375, 382–83 (2003) (holding when a district court proposes to construe a post-conviction motion as a movant's first collateral attack of a judgment under 28 U.S.C. §2255, it is required to notify the movant of the restrictions and limitations under section 2255); *see also United States v. Blackstock*, 513 F.3d 128, 133 (4th Cir. 2008); *Thurston v Maryland*, 611 Fed. Appx. 112 (4th Cir. 2015) (requiring district court to give prisoner notice and an opportunity to respond before construing a motion as an initial §2254 petition).

After a § 2255 motion is adjudicated on the merits, a second or successive motion may not be filed in district court without first receiving permission to do so from the appropriate circuit court of appeals. *See* 28 U.S.C. §2255(h). Because any subsequent motion to vacate would be subject to these restrictions, petitioner is further notified that it is essential that he raise any and all grounds that he believes entitle him to relief.

Should petitioner choose to move forward with the claims raised (in addition to any other claims he may include by amendment), the instant petition will be docketed in the existing § 2255 action and the United States will be directed to respond. Petitioner is reminded to include his criminal case number (ELH-13-629) and this civil action number (ELH-18-491) on any further correspondence or pleadings that are responsive to this Memorandum and Order.

A separate Order follows.

<u>March 20, 2018</u>  /s/
Date  Ellen L. Hollander
  United States District Judge